UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARGARET KOERNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3-11-0707 |
| v. ) | Judge Trauger / Knowles |
| ) | |
| TENNESSEE BOARD OF LAW ) | |
| EXAMINERS, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon Defendant's Motion for Summary Judgment. Docket No. 11. In support of that Motion, Defendant has contemporaneously filed a Memorandum of Law (Docket No. 12), a Statement of Undisputed Facts (Docket No. 13), and the Affidavit of Adele Anderson (Docket No. 11-1).

Plaintiff has not filed a response to the pending Motion.

Plaintiff filed this pro se action pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. 12101 *et seq* ("ADA"), and the Equal Protection Clause of the United States and Tennessee Constitutions. Docket No. 1. Plaintiff avers that she is a person with a disability that affects her visual acuity. *Id.* While she resides in New York, she has taken, and failed, the Tennessee Bar Examination on three occasions. *Id.* Plaintiff acknowledges that she has received special accommodations each time she took the Tennessee Bar Examination, including extra time to take the examination, enlarged font printed materials, the option of typing her

1

examination, and the provision of a special testing room. *Id.* Plaintiff nevertheless avers that Defendant has violated her rights by: (1) refusing to allow her to take the Tennessee Bar Examination for the fourth time without first obtaining the supervision of an attorney licensed to practice in Tennessee, and (2) by "largely limiting" the ability to type examination answers to disabled candidates, thereby alerting the graders to the fact that typed answers must be from disabled individuals. *Id.*

Specifically, Plaintiff contends that she is prevented from retaking the Tennessee Bar Examination "due to the onerous and unconstitutional requirement" that she be required to have an attorney admitted to practice in the State of Tennessee supervise her preparation, because the requirement of supervision by an attorney admitted to practice in Tennessee "cannot practically be met by the Plaintiff who is a resident of the State of New York." *Id.* Plaintiff additionally argues that the accommodation of her typing her Examination answers made them easily identifiable as being from a disabled candidate, as "[t]he option of typing the examination in the State of Tennessee was at all three sittings largely limited to persons with disabilities." *Id.* Plaintiff maintains that, "[t]o obtain the benefit of a truly anonymous grading of Plaintiff's exam answers, the essay answers should not on their face have been distinguishable from the essays provided by persons who do not require the opportunity to prepare typed exam answers." *Id.*

Plaintiff seeks "that this court order the equitable remedy that Plaintiff's six alleged failing Bar Examinations answers [on each of] the February and July 2010 exams be reviewed by a court appointed referee to determine whether any one of the twelve failing answers was in fact a passing answer." *Id.* "In the alternative, the Plaintiff requests that Law Examiners requirement [*sic*] that her course of study be supervised by an attorney admitted to practice in the State of

Tennessee be relaxed for her and others [*sic*] similarly situated out of state test takers by either assigning Tennessee lawyers willing to supervise such a course of study telephonically or permitting the supervision to be provided by attorneys in the home state of the test takers." *Id.* Plaintiff also asks, that if she is permitted to re-take the examination, she be provided with the same accommodations she has had previously, including a four-day schedule to take the examination, enlarged font printed materials, a room separated from other test takers, and an ability to type her answers. *Id.* Finally, Plaintiff asks that "a scribe be provided to hand write her provided answers so that they are indistinguishable from the answers provided by able bodied persons." *Id.*

Defendant filed the pending Motion for Summary Judgment and accompanying materials on October 27, 2011. Docket Nos. 11-13. Defendant argues that it is entitled to summary judgment because Plaintiff's claim of difficulty in meeting the requirement that a Tennessee licensed attorney supervise her study has to do with her geographical location in New York, not her disability, and the ADA does not require accommodation based on geographical location. *Id.* Defendant also argues that Equal Protection is not at issue because Plaintiff is being subjected to the same requirements that are imposed on Tennessee residents. *Id.* Finally, Defendant argues that the requirement that a Tennessee licensed attorney supervise Plaintiff's course of study for the Tennessee Bar Examination is rationally related to the legitimate interests of the State in regulating the proficiency in Tennessee law of attorneys who will practice within the state. *Id.*

With regard to Plaintiff's contention that exam graders assume that typed essays are from disabled candidates because typing answers is "largely limited" to disabled candidates, Defendant states Plaintiff's contention is "completely without a factual basis and is based on

false assumptions" because the undisputed facts demonstrate that there were many candidates who typed their examination answers, only a small fraction of whom were disabled. *Id.*

As has been noted, Plaintiff has not filed a response to Defendant's Motion.

For the reasons set forth below, the undersigned concludes that, viewing all the facts and inferences in favor of the nonmoving party, Plaintiff has failed to establish that a genuine issue as to material fact exists with regard to her ADA discrimination claim and that Defendant is entitled to a judgment as a matter of law. The undersigned therefore recommends that Defendant's Motion for Summary Judgment be GRANTED.

## **II. Facts**[1]

Plaintiff is a disabled individual who has been provided with reasonable accommodations by the Tennessee Board of Law Examiners sufficient to enable her to take the Tennessee Bar Examination. Docket No. 2, Amended Complaint, ¶ 15. Plaintiff has failed the Tennessee Bar Examination three times. *Id.*, ¶ 16.

Because she has failed three Tennessee Bar examinations, Plaintiff is required to comply with the provisions of Tennessee Supreme Court Rule 7, Article IV, Section 4.05. That provision states:

> In case of failure on examination, the Board may, in its discretion, allow the applicant to take another examination upon the filing of the notice of intent and the supplementary application herein provided, and the payment of the requisite fee. An applicant who has failed 3 or more examinations shall not be permitted to take another examination except upon filing with the Board, at the time of the notice of intent to take the examination: (i) a statement certifying that applicant has undertaken a course of study designed

---

[1] Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56, and are undisputed.

>to prepare applicant for the examination, including a description thereof; and (ii) a statement from an attorney admitted to practice in this State confirming that such attorney has supervised the applicant's course of study. An applicant who has failed 3 or more examinations shall not be permitted to take another examination until at least one examination has intervened between the last examination which the applicant failed and the one the applicant seeks eligibility to take. If the Board determines that the applicant's course of study is not sufficient evidence of additional legal education to justify re-examination, the Board may refuse to allow the applicant to take that examination.

Tenn. S. Ct. R. 7, Art. IV, § 4.05.

Under Tennessee Supreme Court Rule 7, Article IV, Section 4.05, persons who fail the Tennessee Bar Examination three or more times must complete a course of study under the supervision of an attorney licensed in Tennessee before being permitted to retake the Bar Examination. *Id.* Upon Plaintiff's compliance with the applicable provisions of Tennessee Supreme Court Rule 7, Article IV, Section 4.05, Plaintiff would be permitted to retake the Tennessee Bar Examination with the same reasonable accommodations as have been previously provided to her. *Id.*

Plaintiff is a resident of New York state. Docket No. 2, Amended Complaint, ¶ 7. Tennessee Supreme Court Rule 7, Article IV, Section 4.05 does not create a residency classification. Tenn. S. Ct. R. 7, Art. IV, § 4.05.

Plaintiff is being treated exactly the same as a Tennessee resident under the requirement that a person who fails the bar exam three times must have a Tennessee licensed attorney monitor Plaintiff's course of study. *Id.* Defendant argues that the requirement that a Tennessee licensed attorney monitor Plaintiff's course of study is rationally related to the legitimate interests of the state in regulating the proficiency in Tennessee law of attorneys who will practice

5

within the state. *Id.*, §§ 4.01, 4.04.

The first time that Plaintiff took the Tennessee Bar Examination in July 2009, there were 12 applicants who used a computer, all of whom had special needs. Docket No. 11-1, Affidavit of Adele Anderson ("Anderson Aff."), ¶ 5. Computer testing for the essay portion of the Tennessee Bar Examination has been an available option for *everyone* since February, 2010. *Id.*, ¶¶ 3, 6 (emphasis added). Since that time, laptop testing is widely used on the Tennessee Bar Examination. *Id.*, ¶ 4. Both disabled and non-disabled applicants have used laptop testing and the number of applicants who choose laptop testing is substantial and continues to rise. *Id.*

In February 2010, the second time that Plaintiff took the Tennessee Bar Examination, there were 44 laptop users, only 2 of whom had special needs. *Id.*, ¶ 7. In July 2010, the third time that Plaintiff took the Tennessee Bar Examination, there were 281 laptop users, only 5 of which had special needs. *Id.*, ¶ 8.

All laptop testing for the Tennessee Bar Examination is conducted in a location separate from those who write their answers. *Id.*, ¶ 9.

It is impossible for an exam grader to distinguish between a special needs applicant's response from any other applicant's laptop examination answers. *Id.*

### III. Analysis

#### A. Local Rules 7.01(b) and 56.01(c) and (g)

Local Rule 7.01(b) states, in pertinent part:

> Each party opposing a motion shall serve and file a response, memorandum, affidavits, and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response

6

shall indicate that there is no opposition to the motion.

Defendant filed the pending Motion on October 27, 2011. Docket No. 11. Plaintiff has failed to respond to Defendant's Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> c. Any party opposing the motion for summary judgment must respond to each fact set forth by the movant ...
>
> . . .
>
> g. Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has failed to respond to Defendant's Statement of Undisputed Facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendant is entitled to a judgment as a matter of law.

## B. Summary Judgment Standards

It would be inappropriate to grant Defendant's Motion solely on the ground that Plaintiff has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of

7

demonstrating the absence of a genuine issue as to a material fact."
*Id.* (citations omitted). The Court will, therefore, consider whether Defendant has met their burdens under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential

8

element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

**C. The Case At Bar**

It is undisputed that Plaintiff is disabled and is entitled to reasonable accommodation in her taking of the Tennessee Bar Examination. It is also undisputed that Plaintiff has received the reasonable accommodation to which she was entitled on each of the three occasions that she took, and failed, the Tennessee Bar Examination.

Plaintiff does not take issue with the accommodations she received (in fact, she requests that she receive the same accommodations should she take the Bar Examination a fourth time); rather, Plaintiff takes issue with Tennessee Supreme Court Rule 7, Article IV, Section 4.05, which requires that all persons who failed the Tennessee Bar Examination three or more times, and who wish to re-take the Examination, first complete a course of study supervised by a Tennessee licensed attorney. Tenn. S. Ct. R. 7, Art. IV, § 4.05. It is undisputed that this is a requirement set forth by the Tennessee Supreme Court that is applicable to *all* persons wishing to take the Tennessee Bar Examination more than three times. *Id.* Accordingly, there is no distinction between disabled individuals and non-disabled individuals, nor is there any distinction between Tennessee residents and non-Tennessee residents. Because the provision at issue is equally applicable to all candidates who have failed the Tennessee Bar Examination three or more times, and because it is undisputed that this provision is rationally related to the legitimate interests of the state in regulating the proficiency in Tennessee law of attorneys who

9

will practice within the state (*id.*, ¶¶ 4.01, 4.04), Plaintiff cannot establish that the requirement that she complete a course of study under a Tennessee licensed attorney is discriminatory in any way. Accordingly, Defendant is entitled to a judgment as a matter of law on this claim.

With regard to Plaintiff's contention that she was discriminated against because the exam graders could determine that she was disabled by her typed examination responses, it is undisputed that, as of February 2010, laptop testing was available to everyone. Anderson Aff., ¶¶ 3, 4, 6. It is also undisputed that 44 candidates utilized laptop testing on the February 2010 Examination, with only 2 of those 44 candidates being disabled. *Id.*, ¶ 7.

It is further undisputed that both disabled and non-disabled applicants have used laptop testing, and that the number of applicants who choose to utilize laptop testing is substantial and continues to rise. *Id.*, ¶ 4. In fact, in July 2010, the third time that Plaintiff took the Tennessee Bar Examination, 281 candidates utilized laptop testing, with only 5 of those 281 being disabled. *Id.*, ¶ 8. Because it is undisputed that it is impossible for an exam grader to distinguish between the typed laptop answers of disabled and non-disabled candidates (*id.*, ¶ 9), Plaintiff cannot establish that she experienced bias in her grading as a result of her answers being typed. Accordingly, Defendant is entitled to a judgment as a matter of law on this claim as well.

## IV. Conclusion

For the foregoing reasons, the undersigned concludes that, viewing all the facts and inferences in favor of the nonmoving party, Plaintiff has failed to establish that a genuine issue as to material fact exists with regard to her ADA and Equal Protection claims and that Defendant is entitled to a judgment as a matter of law. The undersigned therefore recommends that Defendant's Motion for Summary Judgment be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge