IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARGARET KOERNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:11-0707 |
| | ) | Judge Trauger |
| TENNESSEE BOARD OF LAW EXAMINERS, | ) | Magistrate Judge Knowles |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

On February 28, 2012, the magistrate judge issued a Report and Recommendation (Docket No. 27), to which the plaintiff has filed a document [1] that the court will construe as objections to the R&R (Docket No. 30).

The R&R recommends that the court grant the defendant's Motion for Summary Judgment (Docket No. 11), to which the plaintiff filed no response. When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. Fed. R.Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3rd 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F3rd 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the report in general is not sufficient and will result in waiver of further review. *See Miller v. Currie*, 50 F.3rd 373, 380 (6th Cir. 1995).

The plaintiff furnishes no explanation for why she did not respond to the defendant's Motion for Summary Judgment. The court notes that the summary judgment motion (Docket

---

[1] The plaintiff has entitled this document "Motion to Regrade Failing Essays of the Feb and July 2010 TN Bar Exams and Affidavit in Response to Motion to Dismiss with 14 Exhibits". (Docket No. 30)

No. 11) was filed on October 27, 2011, but the R&R was not issued until some three months later. In the meantime, on November 21, 2011, a Scheduling Order was entered, providing for a discovery deadline of May 3, 2012. (Docket No. 14) Despite being provided with the opportunity to take discovery, including, of course, by propounding written interrogatories and requests to admit to the defendant, apparently the plaintiff engaged in no discovery. She complains that summary judgment ought not be granted to the defendant "on an incomplete set of facts" and without the defendant's "having first participated in any meaningful discovery." (Docket No. 30 at 4) She further complains that she has "not yet been afforded the opportunity to conduct discovery in this case" (Docket No. 30 at 11), but she has. Her objections neither request the opportunity to engage in discovery nor do they set out what specific discovery she would need to take in order to respond to the summary judgment motion.. Of course, her request to be afforded the opportunity to take discovery before having to respond to the Motion for Summary Judgment, if appropriate, should have been made to the magistrate judge under Rule 56(d), Federal Rules of Civil Procedure, and was not so made to him. Moreover, the magistrate judge did allow the Motion for Summary Judgment to remain pending for some three months, during which time the plaintiff could have been taking discovery and filing a response, both of which she did not do.

The plaintiff requests that her failing essays on the Tennessee Bar Exam be regraded. However, the record furnished by her demonstrates that the defendant regraded her six failing essays from the July 2009 examination and changed the grades on two of those six essays from "Fail" to "Pass". (Docket No. 30 at 4)

Much of the plaintiff's objection document is a rambling account of not only her frustration with the Tennessee Board of Law Examiners but her similar frustration with the New

York State Board of Law Examiners, the actions of which are beyond the scope of this case. She also blames the defendant for nails that flattened her car, a "dead rat filled with maggots conspicuously placed in her driveway", the severing of her brakes lines, and retaliation for her "meaningful contribution" to the federal case of *USA v. Fairbanks Capital Corp*. (Docket No. 30 at 9-10). She remarks that, because she cannot even secure a legal secretary or paralegal position because she has not passed a bar exam, she has enrolled in medical school, to obtain her MD degree. (Docket No. 30 at 11)

In sum, the plaintiff has made few, if any, specific objections to the findings of the magistrate judge, which were largely based upon the Statement of Undisputed Facts filed by the defendant (Docket No. 13), to which the plaintiff never responded. Nevertheless, the court has reviewed the entire record in the context of the plaintiff's objection document and finds that the granting of summary judgment to the defendant is appropriate in this case.

For the reasons expressed herein, the plaintiff's objections are **OVERRULED**, and the R&R is **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons expressed therein, it is hereby **ORDERED** that the defendant's Motion for Summary Judgment (Docket No. 11) is **GRANTED**, and this case is **DISMISSED** with prejudice. Entry of this order shall constitute the judgment in this case.

It is so **ORDERED**.

ENTER this 30th day of March, 2012.

ALETA A. TRAUGER
U.S. District Judge